NUMBER 13-04-111-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JESSE D. RAMIREZ, JR.,                                                           Appellant,

v.

RAYMOND LOPEZ, ET AL.,                                                        Appellees.
                                                                                                                                      

On appeal from the 319th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
 

          This case presents an accelerated, interlocutory appeal from the trial court’s order
denying appellant’s request for a temporary injunction.


 In two issues, appellant, Jesse D.
Ramirez, Jr., contends the trial court abused its discretion in: (1) failing to grant his
application for a temporary injunction; and (2) denying his motion to re-open evidence. We
affirm. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of our decision and the
basic reasons for it.



Background
          The evidence offered at the injunction hearing is disputed. In the underlying lawsuit,
appellant sued appellees


 for various causes of action, including breach of contract, fraud,
breach of good faith and fair dealing, and negligent representation. Appellant alleges he
was fraudulently induced into executing a purchase agreement, by which he transferred
his twenty-five percent partnership interest in ICE, a gas compression equipment business,
to appellee Raymond Lopez. 
Standard of Review
          A temporary injunction is an extraordinary remedy and does not issue as a matter
of right.


 A decision on whether to grant or deny a temporary injunction is within the sound
discretion of the trial court and should only be reversed if the trial court abused its
discretion.


 The appellate court should view the evidence in the light most favorable to the
trial court's decision, indulging every reasonable inference in its favor, and determine
whether the decision was so arbitrary as to exceed the bounds of reasonable discretion.


 
The reviewing court must not substitute its judgment for the trial court’s judgment unless
the trial court’s order is so arbitrary, unreasonable, or based on so gross and prejudicial
an error of law as to establish abuse of discretion.


 The trial court does not abuse its
discretion if it bases its decision on conflicting evidence and evidence in the record
reasonably supports the trial court’s decision.


 The appellate court cannot resolve the
merits of the underlying case.


 
          At a temporary injunction hearing, the only issue before the trial court is whether the
status quo should be preserved pending trial on the merits.


 The status quo is “the last,
           actual, peaceable, non-contested status that preceded the pending controversy.”


 Elements of Temporary Injunction
          Although the purpose of a temporary injunction is preservation of the status quo, to
obtain a temporary injunction, an applicant must plead and prove three specific elements:
(1) a cause of action against the defendant; (2) a probable right to the relief sought; and
(3) a probable, imminent, and irreparable injury in the interim.


 The probable injury
element requires a showing that the harm is imminent, the injury would be irreparable, and
that the plaintiff has no other adequate legal remedy.


 The showing of irreparable harm
requires proof that the injury is of such a nature that the injured party cannot be adequately
compensated for it in damages.


 An applicant for temporary injunction may prove
irreparable harm by showing that damages cannot be measured by any certain pecuniary
standard.


 For purposes of injunctive relief, no adequate remedy at law exists if damages
are incapable of calculation or if the defendant is incapable of responding in damages.


          In this case, the trial court made no findings of fact or conclusions of law pertaining
to the three elements of appellant’s application for temporary injunction. Therefore, we will
review the record to determine if the order of the court may be upheld under any legal
theory supported in the record.


 
Analysis
          In his first issue, appellant contends the trial court abused its discretion in failing to
grant his application for a temporary injunction. Appellant contends that although he
executed a purchase agreement by which he sold his partnership interest in ICE to Lopez,
he only did so because Lopez assured him that the purchase agreement was
“meaningless.” Appellant contends the purchase agreement is unenforceable because the
only consideration for the agreement is Lopez’s offer to continue to employ him. Appellant
argues that because the purchase agreement is invalid due to lack of consideration, he
retains his partnership interest in ICE. Accordingly, he requested injunctive relief to prevent
appellees from interfering with his right to participate in the management of ICE’s business
affairs. He also sought injunctive relief to prevent appellees from “wasting” or transferring
partnership assets belonging to ICE. Appellant argues that he has suffered and continues
to suffer irreparable injury because appellees defrauded him into transferring his
partnership interest to Lopez. He contends he has suffered irreparable injury because he
contributed assets and expertise to building up the business, which he lost due to
appellees’ fraudulent conduct. He also contends he has no adequate remedy at law
because he cannot be adequately compensated in damages for the loss of his customers,
reputation, and all that he invested in the business. Appellant argues that the status quo
in the present case is the partnership relationship he had with ICE before he executed the
allegedly invalid purchase agreement transferring his partnership interest to Lopez. 
          Appellees argue that the purchase agreement is supported by two types of
consideration: (1) appellant’s continued employment by Lopez; and (2) Lopez’s assumption
of all liabilities associated with the partnership. At the temporary injunction hearing, Lopez
testified that he understood that under the purchase agreement, he assumed all liabilities
of the partnership and that appellant was released from all liabilities. Jay Riggins, the
attorney who prepared the purchase agreement, also testified that the agreement was
supported by two types of consideration, appellant’s continued at-will employment and his
release from certain guarantees and other liabilities associated with the partnership. 
Appellant testified that although the agreement “didn’t mean anything,” Lopez’s testimony
that he assumed all of the partnership’s obligations and debts is “what the agreement
says.” Appellees contend that because the purchase agreement is supported by adequate
consideration, the trial court could reasonably have concluded that the status quo was that
appellant had sold his partnership interest in ICE and had no legal standing because he
no longer retained any ownership interest in ICE. Appellees also argue that appellant
failed to establish that he has no adequate remedy at law. 
          We have reviewed the entire record. Considering the conflicting testimony and the
deference due the trial court according to the applicable standard of review, we hold the
trial court did not err in denying the temporary injunction. Because there is evidence to
support the trial court’s decision, we hold the order denying the temporary injunction is not
so arbitrary, unreasonable, or based upon so gross and prejudicial an error of law as to
establish an abuse of discretion. Appellant’s first issue is overruled.
Motion to Re-open Evidence 
          In his second issue, appellant contends the trial court abused its discretion in
denying his motion to re-open evidence. Appellant’s motion requested that the trial court
re-open evidence to submit a “non-compete” agreement in support of his claim of probable
injury. 
          Appellees contend this Court lacks jurisdiction to address the trial court’s denial of
appellant’s motion to re-open evidence. We agree. There is no statute authorizing
appellate jurisdiction over an interlocutory order denying a motion to re-open evidence, nor
can such an order be considered final.


 When a party appeals from two interlocutory
orders, only one of which is made appealable by statute, the proper course is to dismiss
that portion which is non-appealable, and to rule on the portion from which an appeal may
be taken.


 Accordingly, we dismiss appellant’s second issue.



          We affirm the trial court’s order denying the temporary injunction. 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Memorandum opinion delivered and filed this the
31st day of March, 2005.